THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO: 1:17-cv-00136-MR
[Criminal Case No: 1:15-cr-00084-MR-1]

| JOEL ELIAS GONZALEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1], Petitioner's "Motion to Hold Title 28 U.S.C. 2255 Mootion [sic] at Abeyance" [Doc. 5], and Petitioner's "Motion to Amend Previous Section 2255 Motion" [Doc. 7].

I.  **BACKGROUND**

On February 8, 2016, Petitioner pled guilty pursuant to a written plea agreement to one count of distributing 50 grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1). [Criminal Case No. 1:15-cr-00084-MR ("CR"), Doc. 10: Indictment; CR Doc. 19: Plea Agreement; CR Doc. 20: Factual Basis]. In the plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence except for claims of ineffective assistance of counsel or prosecutorial misconduct. [CR Doc. 9: Plea

Agreement]. The Court sentenced Petitioner to 151 months of imprisonment, entering judgment on May 31, 2016. [CR Doc. 32: Judgment]. Petitioner did not file a direct appeal.

On May 19, 2017, Petitioner timely filed the present motion to vacate contending, among other things, that his counsel was ineffective because he failed to file a notice of appeal after judgment was entered despite Petitioner's express instruction that he do so.[1] Petitioner moves the Court to hold an evidentiary hearing and to vacate his judgment. [Doc. 1 at 4, 6, 12].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

---

[1] Petitioner also contends that counsel was ineffective in failing to challenge the amount of methamphetamine attributed to him, and in failing to investigate whether the seized substance was actual methamphetamine or a mixture of methamphetamine and other substances. [Doc. 1 at 5, 7].

2

It is well-settled that when a defendant clearly instructs his attorney to file a notice of appeal from a criminal judgment, the failure to file the notice of appeal constitutes *per se* ineffective assistance of counsel. That is, the defendant is presumed to have suffered prejudice no matter the potential merits of his claims for relief or whether he has waived his appellate rights, as Petitioner has done through his written plea agreement in this case. See Evitts v. Lucey, 469 U.S. 387, 391-405 (1985); United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007); United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993).

Here, Petitioner asserts in his sworn petition that his attorney failed to file a direct appeal after being instructed to do so. Specifically, Petitioner avers that he met with defense counsel on May 30, 2016; that counsel initially persuaded him not to appeal; and that before counsel left, Petitioner changed his mind and asked counsel to file a notice of appeal, so that Petitioner could hire a new attorney to take a fresh look at his case. [Doc. 1 at 6]. In its response to Petitioner's § 2255 motion, the Government concedes that Petitioner's claim of ineffective assistance of counsel based on the failure to file a direct appeal after being instructed to do so warrants the granting of his motion, at least in part. [Doc. 8: Government's Response]. The Government further contends that the appropriate remedy in this case is to vacate

Petitioner's judgment, enter an amended judgment so that he may file a direct appeal, and dismiss the remaining claims without prejudice. [Id. at 1, 5-6].

Upon review of Petitioner's motion, the Court concludes that the appropriate remedy in this matter is to vacate the original judgment and enter a new judgment only for the purpose of allowing Petitioner to pursue a direct appeal of his conviction and/or sentence in his underlying criminal case. Petitioner's remaining claims shall be dismissed without prejudice to his right to file another § 2255 motion, if necessary, after direct appeal.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **GRANTED IN PART** for the reasons stated herein. The Clerk is directed to prepare an Amended Judgment with the same terms and conditions as Petitioner's Judgment filed on May 31, 2016, and submit it to the Court for consideration.

**IT IS FURTHER ORDERED** that Petitioner's remaining grounds for relief are **DISMISSED WITHOUT PREJUDICE** and that Petitioner's Motion to hold this action in abeyance [Doc. 5] and Motion to amend his § 2255 Motion to Vacate [Doc. 7] are **DISMISSED as moot.**

**IT IS FURTHER ORDERED** that the Federal Defender of Western

North Carolina is hereby appointed to represent Petitioner for the limited purpose of filing a notice of appeal on his behalf. The appointment of appellate counsel is respectfully deferred to the Court of Appeals for the Fourth Circuit.

The Clerk is directed to provide copies of this Order to the Petitioner, counsel for the Government, and the Federal Defender.

**IT IS SO ORDERED.** Signed: August 14, 2017

Martin Reidinger
United States District Judge