# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:15-cr-00084-MR-WCM

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **O R D E R** |
| | ) |
| JOEL ELIAS GONZALEZ, a/k/a "Cuban," | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 55]; the Government's Response to Defendant's Motion for Compassionate Release [Doc. 56]; and the Government's Motion to Seal Exhibit to Response [Doc. 58].

## I. BACKGROUND

In February 2016, the Defendant Joel Elias Gonzalez pled guilty pursuant to a written plea agreement to one count of distributing a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 21]. He was sentenced in May 2016 to a term of 151 months' imprisonment. [Doc.

32; as amended, Doc. 38]. The Defendant is currently housed at FCI Talladega, and his projected release date is May 17, 2026.[1]

The Defendant now moves the Court for a compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 55]. On January 15, 2021, the Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Feb. 5, 2021]. The Government filed its Response on March 8, 2021. [Doc. 56]. Despite being given an opportunity to do so [see Text-Only Order entered Mar. 19, 2021], the Defendant did not file a reply.

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 26, 2021).

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 56 at 17]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

3

disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this

4

Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of medical conditions—namely, a history of cancer, a compromised immune system from radiation treatments, hypertension, and respiratory complications bronchitis—that place him at an increased risk of serious illness or death from COVID-19. [Doc. 55-1 at 1-2]. The medical records submitted by the Government, however, do not support the Defendant's claims. A review of these records does not reveal any history of respiratory complications from bronchitis, either before entering or while in the BOP. [Doc. 57-1 at 38-40]. While the BOP medical records indicate that the Defendant has hypertension, these records also indicate that this condition has been adequately monitored and treated with medication. [Id. at 8-14, 38]. Finally, these records indicate that the Defendant has been in remission from prostate cancer for nearly a year, and there is no evidence in the record to

5

suggest that his immune system is still compromised from his cancer treatment. [Id. at 10, 16, 18, 23, 39].

Further, while the Defendant expresses concern that he would not recover if he contracted COVID-19 [Doc. 55-1 at 1], the BOP medical records indicate that the Defendant tested positive for the virus in November 2020, was asymptomatic, and recovered without any serious complications. [Doc. 57-1 at 30-31].

Finally, the Court notes that the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[2] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of

---

[2] The Court notes that the Defendant was offered an COVID-19 vaccine in February 2021, but declined to be vaccinated. [Doc. 57-1 at 45-46].

contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious. The Defendant pled guilty to distributing a significant amount of methamphetamine. As noted by the Government, the Defendant—in a period of less than three months—distributed and possessed with intent to distribute more than 21,000 individual user quantities of methamphetamine in North Carolina and Georgia. [Doc. 56 at 29; see also Doc. 29: PSR at ¶ 33]. Additionally, the Defendant has a significant criminal history, stretching back more than 40 years, including convictions for domestic battery, communicating threats,

drug possession, solicitation to deliver cocaine, worthless check, criminal mischief, burglary of a structure, grand theft, uttering a forged instrument, and being a habitual offender for driving while license revoked. [Doc. 29: PSR at ¶¶ 51-75].

Based on its analysis of the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, the Court concluded that a sentence of 151 months was appropriate. The Defendant offers no reason why any of these sentencing factors should be considered differently today.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**B.  Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 58] filed in support of its Response to the Defendant's Motion for Sentence Reduction. [Doc. 57].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on March 8, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [Doc. 55] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit Concerning Medical Records [Doc. 58] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 57] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: April 26, 2021

Martin Reidinger
Chief United States District Judge